IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CECILIA SPOWAL, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) C.A. 10-187 Erie |
| | ) |
| ITW FOOD EQUIPMENT GROUP LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently pending before the court is a Motion for Summary Judgment filed on behalf of Defendant ITW Food Equipment Group LLC ("ITW FEG") against Plaintiff Cecilia Spowal, who injured her hand while working with a commercial food mixer manufactured by ITW FEG. Ms. Spowal alleges strict liability under the Restatement (Second) of Torts (Count I), negligence (Count II), and breach of the implied warranties merchantability and/or fitness for a particular use (Count III). Her husband, Joseph Spowal, asserts a loss of consortium claim (Count IV).

The Motion for Summary Judgment was filed on July 11, 2011. The next day, the United States Court of Appeals for the Third Circuit decided *Covell v. Bell Sports, Inc.*, 651 F.3d 357 (3d Cir. 2011), *cert. denied*, --- S.Ct. --, 2012 WL 538343 (U.S. Feb. 21, 2012), in which the Court reiterated its holding in *Berrier v. Simplicity Manufacturing, Inc.*, 563 F.3d 38 (3d Cir. 2009), *cert. denied*, 130 S.Ct. 553 (2009), that federal district courts applying Pennsylvania law to products liability cases should look to sections 1 and 2 of the Restatement (Third) of Torts.[1]

---

[1] Section 2 of the Third Restatement provides, in relevant part:

§ 2. Categories Of Product Defect

A product is defective when, at the time of sale or distribution, it contains a manufacturing defect, is defective in design, or is defective because of inadequate instructions or warnings. A product:

Essentially, the appeals court predicted that Pennsylvania Supreme Court will adopt the Restatement (Third) of Torts. The *Covell* court also affirmed the district court's decision to admit evidence of compliance with product regulations to prove whether or not a product is defective, citing Restatement (Third) of Torts section 2, Comments thereto, and Fed. R. Evid. 401 and 402. We are bound by the *Covell* decision. Accordingly, out of an abundance of caution, we will give the parties the opportunity to re-brief the issues in this case.

AND NOW, to-wit, this 4th day of April, 2012, it is hereby ORDERED THAT Defendant's "Motion for Summary Judgment" [ECF No. 30] be and the same is hereby DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED THAT Defendant ITW Food Equipment Group LLC shall file a Supplemental Motion for Summary Judgment and Brief in Support on or before April 20, 2012. Plaintiffs' response shall be filed on or before May 4, 2012. Defendants may file a reply brief on or before May 11, 2012.

Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: record counsel

---

(a) contains a manufacturing defect when the product departs from its intended design even though all possible care was exercised in the preparation and marketing of the product;

(b) is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the alternative design renders the product not reasonably safe;

(c) is defective because of inadequate instructions or warnings when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe.

Restatement (Third) of Torts: Products Liability, § 2.